UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-20088-CIV-UNGARO-BENAGES

HISTORY, S.A.,

    Plaintiff,

vs.

RICA FOODS, INC.,

    Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND
DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**

THIS CAUSE is before the Court upon Plaintiff's Motion to Remand and for Attorney's Fees and Costs. DE 8. The Court has considered the Motion and is otherwise fully advised in the premises.

Plaintiff submits that this action is subject to remand under 28 U.S.C. § 1447, because the basis for the Court's subject matter jurisdiction–diversity under 28 U.S.C. § 1332–is defeated by: (1) the Florida location of Defendant's principal place of business; and, (2) Defendant's failure to establish that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* DE 8 (Motion) at 1-2.

By way of background, Plaintiff filed this action on December 21, 2006, in the Circuit Court for Eleventh Judicial Circuit in and for Miami-Dade County, Florida. *See* DE 1 (Notice of Removal), Ex. 1 (Compl.). Plaintiff seeks the imposition of a constructive trust over certain assets held by the Defendant; namely, shares of the Costa Rican poultry producer Pipasa, S.A. ("Pipasa"). *Id*. In addition, Plaintiff seeks an order enjoining the Defendant from, *inter alia*,

transferring or encumbering the Pipasa shares. *Id*.

Defendant removed the action to this Court on January 10, 2007, citing 28 U.S.C. §§ 1332, 1441(a). *See* DE 1 (Notice of Removal). It is undisputed that Plaintiff is a Panamanian corporation and that Defendant is incorporated in Nevada. *See* DE 1 (Notice of Removal) at paras. 1, 6, 7, Ex. 1 (Compl.) at paras. 2, 3. The parties dispute, however, whether Defendant's principal place of business is in Miami-Dade County, Florida, or in Costa Rica. *See* DE 8 (Motion) at 1; DE 11 (Response) at para. 4-5. This dispute is material because "[f]or removal under 28 U.S.C. § 1441 to be proper, no defendant can be a citizen of the state in which the action was brought." *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir. 2001); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (stating that "[w]hen a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court, 28 U.S.C. § 1441(a), provided that no defendant 'is a citizen of the State in which such action is brought,' § 1441(b).").

Defendant bears the burden of establishing by a preponderance of the evidence that this Court has subject matter jurisdiction over the action. *See Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) (stating that "in removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists."); *Hobbs v. Blue Cross Blue Shield of Alabama*, 276 F.3d 1236, 1242 (11th Cir. 2001) (noting that the party seeking removal "had the burden of producing facts supporting the existence of federal subject matter jurisdiction by a preponderance of the evidence."); *also Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996) (stating that "[t]he removal statute should be construed narrowly with doubt construed

against removal."). However, in this case, before considering the evidence the parties have submitted and the arguments stemming therefrom, the Court notes that the Notice of Removal contains an allegation that impedes Defendant's removal given Plaintiff's objection thereto. Specifically, the Notice states in pertinent part that "[Defendant] is a Nevada corporation *with its principal place of business in Miami-Dade County, Florida*." *See* DE 1 (Notice of Removal) at para. 7 (citing Compl. at para. 2) (emphasis added).[1] This allegation renders the Notice of Removal defective because, as previously noted, "[f]or removal under 28 U.S.C. § 1441 to be proper, no defendant can be a citizen of the state in which the action was brought." *Tillman*, 253 F.3d at 1305.

The Court acknowledges the Notice should be construed "as to do substantial justice." *See, e.g., Rachel v. State of Ga.*, 342 F.2d 336, 340 (5th Cir. 1965) (noting the applicability of "the rules of notice pleading" and Fed. R. Civ. P. 8(f) in the removal context). However, the statement that Defendant has "its principal place of business in Miami-Dade County, Florida" is an unambiguous averment that the Court cannot, under the guise of substantial justice, creatively construe as stating or implying otherwise. This matter is not before the Court upon a motion under Fed. R. Civ. P. 12(b)(6); Defendant, the non-movant, carries the burden herein. Defendant has been on notice of its fatal allegation and has neither filed an amended notice of removal nor sought leave to file one. *See, e.g., FHC Options, Inc. v. Security Life Ins. Co. of America*, 993 F.

---

[1] Of course, for purposes of the Court's analysis herein, a corporation is deemed to be a citizen of the state where it is incorporated *and* the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005) (noting that "[f]or diversity purposes, a corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business. Citizenship for diversity purposes is determined at the time the suit is filed.") (citations omitted).

Supp. 378, 381-82 (E.D. Va. 1998) (upon motion under analogous facts, permitting the amendment of an "imperfectly stated allegation of diversity" pursuant to 28 U.S.C. § 1653); *Wright v. Combined Ins. Co. of America,* 959 F. Supp. 356, 359 (N.D. Miss. 1997) (noting that "[a] removing defendant may freely amend his notice of removal within the thirty (30) day period set forth in 28 U.S.C. § 1446(b) for the original filing of a notice of removal."). The Court also acknowledges that Defendant has filed documentary evidence in support of its position that its principal place of business is in Costa Rica. *See* DE 11 (Response), Exs. 1-8. However, the Court is not aware of any authority through which an affirmative allegation fatal to a § 1441 removal could simply be disregarded in favor of evidence subsequently filed by a defendant.

With respect to Plaintiff's request for attorney's fees and costs under 28 U.S.C. § 1447(c), the Court notes that Defendant's argument–that its principal place of business is in Costa Rica–is not without an evidentiary foundation and thus, based on an objectively reasonable basis. *See Bauknight v. Monroe County, Fla.*, 446 F.3d 1327, 1329 (11th Cir. 2006) (noting that "'[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.'") (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005)). Thus, the Court is not persuaded that an award of attorney's fees and costs is warranted herein. Accordingly, it is

ORDERED AND ADJUDGED that Plaintiff's Motion to Remand (DE 8) is GRANTED. This action is REMANDED to the 11th Judicial Circuit in and for Miami-Dade County, Florida and the Clerk of the Court is DIRECTED to mail a certified copy of this Order to the clerk of the State court in accordance with 28 U.S.C. § 1447(c). It is further

ORDERED AND ADJUDGED that Plaintiff's Motion for Attorney's Fees and Costs (DE 8) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 20th day of March, 2007.

*Ursula Ungaro*
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
Counsel of Record